**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**Richard J. GANGWISH, II, Respondent.**

Supreme Court of Kentucky.

July 7, 1981.

Leslie G. Whitmer, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Association, Frankfort, for complainant.

Louis DeFalaise, Covington, for respondent.

## OPINION OF THE COURT

This is a disciplinary action in which the Board of Governors of the Kentucky Bar Association found respondent guilty of unprofessional conduct and recommended that he be publicly reprimanded.

The respondent devised a method whereby he could trace the genealogy of an adopted child using solely public records. He placed an advertisement in *The Kentucky Post* under the corporate name of ReUnited, Inc., soliciting business from persons in search of their natural parents or persons searching for an adopted child. ReUnited, Inc. was not incorporated at the time of the advertisements nor has it ever been incorporated under the laws of the Commonwealth of Kentucky. The fact that ReUnited was not incorporated was within the full knowledge of respondent since he had personally drawn the articles of incorporation for ReUnited, Inc., but had never attempted to file them.

In response to the advertisement, respondent received only eight letters stating interest in the service. To each response, respondent sent a letter typed on his law office stationery with a letterhead identifying him as an attorney at law, stating that he represented ReUnited, Inc., for the purpose of negotiating contracts.

The basic facts of this case are not in dispute and were in fact stipulated by respondent. We adopt the findings of the Board of Governors of the Kentucky Bar Association.

Disciplinary Rule 1–102(A)(4) provides that a lawyer shall not "(e)ngage in conduct involving dishonesty, fraud, deceit or misrepresentation." Respondent's advertisements and his letters were false and misleading in that he gave the appearance there existed an ongoing business which was being operated by or which employed more than one person to perform services in the area of genealogical research when in reality and in full knowledge of respondent, no such corporation was in existence and he was the only person involved.

Respondent contends that he attempted to draft his letters to prospective customers in such a way as would not give the appearance that his practice of law was in any way related to ReUnited, Inc., except that he was handling the purported corporation's business affairs. However, the fact that the letters were typed on his law office stationery with a letterhead identifying him as attorney at law would seem to belie his stated intentions.

Respondent would have us view the newspaper advertisements and his letters to prospective customers as promotional efforts on his part to determine the demand, if any, for his genealogical service. However, it cannot be ethically permissible for a promoter of a business which has not taken any formal steps to incorporate according to law to misrepresent to members of the public that the business is in fact an ongoing corporate entity.

This conduct is not acceptable and this court, being advised, finds the respondent, Richard J. Gangwish, II, guilty of unprofessional and unethical conduct which tended to bring the bench and bar of the Commonwealth into disrepute. He is hereby publicly reprimanded.

The costs of this action are assessed against the respondent.

All concur.